FILED
GREAT FALLS DIV.

'05 NOV 7 PM 2 36

PATRICK E. DUFFY, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

MARK L. BRINDA,                 )    Cause No. CV 04-48-H-CSO
                                )
          Plaintiff,            )
                                )
     vs.                        )    FINDINGS AND RECOMMENDATION
                                )    OF U.S. MAGISTRATE JUDGE
DR. S. RAMAKRISHNA and          )
R.N. REBEKHAH L. HULEN,         )
                                )
          Defendants.           )
_____)

Plaintiff Mark Brinda applied to proceed in forma pauperis

with this action under 42 U.S.C. § 1983.  That Application was

granted in a separate Order.  Brinda is a state prisoner

proceeding pro se.

**I. Procedural Background**

On December 22, 2004, the Court issued an Order explaining

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

that Brinda's Complaint contained certain deficiencies that, if left uncorrected, would result in dismissal of his case for failure to state a claim. The Court provided Brinda a form amended complaint that he could complete and file.

Since that time, the Court has been awaiting an Amended Complaint from Brinda. Brinda sought and obtained a 90-day extension in January, 2005, and a filing deadline was set for April 21, 2005. Instead of complying with the deadline, Brinda filed another motion for an extension, requesting six months and asserting that he needed the additional time to obtain certain documentation in support of his claim. The Court denied the extension and required him to file his Amended Complaint by June 3, 2005.

That Order was issued on May 6, 2005. On June 22, 2005, Brinda alerted the Court that he did not receive the Order of May 6, 2005, until June 20, 2005. He did not explain the extraordinary delay. In his letter, dated June 20, 2005, he requested "at least 15 days" to file his Amended Complaint. In accordance with Brinda's letter, the Court gave him 15 days and set a new deadline for July 5, 2005.

Brinda did not respond to the Order.

## II. **Preliminary Screening**

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

engage in a preliminary screening of cases to assess the merits
of the claims.  28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. §
1997e(c)(1); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126 (9th Cir. 2000)
(en banc).  The court must identify cognizable claims, or dismiss
the complaint, or any portion of the complaint, if the complaint
is frivolous, malicious, or fails to state a claim upon which
relief can be granted, or if the complaint seeks monetary relief
from a defendant who is immune from such relief.  28 U.S.C. §§
1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons
stated, it does not deprive the district court of its discretion
to grant or deny leave to amend.  <u>Lopez</u>, 203 F.3d at 1127.  The
court can decline to grant leave to amend if "it determines that
the pleading could not possibly be cured by the allegation of
other facts."  <u>Id</u>. (quoting <u>Doe v. United States</u>, 58 F.3d 494,
497 (9th Cir. 1995)).  Leave to amend is liberally granted to <u>pro
se</u> litigants unless it is "absolutely clear that the deficiencies
of the complaint could not be cured by amendment."  <u>Noll v.
Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing <u>Broughton v.
Cutter Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980)).  Additionally,
the courts must liberally construe <u>pro se</u> pleadings.  <u>Balistreri
v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

### III. Brinda's Allegations

Brinda alleges that Defendant Ramakrishna, a doctor at

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

Montana State Prison, "takes charge of my health care whenever it [suits] him." Brinda contends that Ramakrishna does not personally see him when he has a medical complaint, that he does not ask questions about his diabetes, and that his actions have twice this year led to hospital visits and many visits to the infirmary. He also claims that Ramakrishna does not listen to him and that he has given medical orders that are life-threatening to Brinda. See Compl. (Court's doc. 4) at 3.

As to Defendant Hulen, Brinda contends that she also does not listen to him, gives life-threatening orders, is not qualified to give the orders she does, and does not accurately relay what he tells her to qualified medical staff, telling staff instead what she wants. Brinda claims that both Ramakrishna and Hulen have done him harm that will last for the rest of his life. See id.

For his relief, Brinda seeks proper medical treatment from a diabetic doctor, an order requiring the prison to follow the diabetic doctor's orders, and an order requiring medical staff to follow his 2002 medical settlement. Brinda also seeks unspecified compensatory damages for each time he was hospitalized or placed in the infirmary due to Ramakrishna's lack of care and the establishment of a grievance procedure whereby qualified doctors, not prison medical staff, review the grievances. Finally, he asks that Ramakrishna and Hulen be "held

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

accountable for their wrong actions." Compl. at 4.

**IV. Analysis**

Brinda's Complaint must be analyzed under the Eighth
Amendment of the United States Constitution. The Eighth
Amendment requires that prisoners receive adequate medical care.
Estelle v. Gamble, 429 U.S. 97, 104 (1976). See also McGuckin
v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle),
overruled on other grounds by WMX Techs., Inc. v. Miller, 104
F.3d 1133 (9th Cir. 1997). Prisoners must also be protected
from serious risks to their health. See, e.g., Farmer v.
Brennan, 511 U.S. 825, 837 (1994); Helling v. McKinney, 509 U.S.
25, 33-34 (1993); Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th
Cir. 1995).

However, mere disagreement between a prisoner-patient and
prison medical personnel over the need for or course of medical
treatment is not a sufficient basis for an Eighth Amendment
violation. Franklin v. State of Oregon, 662 F.2d 1337, 1344
(9th Cir. 1981); see also Sanchez v. Vild, 891 F.2d 240, 242
(9th Cir. 1989) (difference of medical opinions). The plaintiff
must show that each defendant acted with "deliberate
indifference" to his serious medical needs.

The "deliberate indifference" requirement means that "[a]
defendant is liable for denying needed medical care only if he
knows of and disregards an excessive risk to inmate health and

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

safety." Lolli v. County of Orange, 351 F.3d 410, 419 (9th Cir. 2003) (quoting Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)) (internal quotation marks omitted).

Brinda was advised in the Order dated December 22, 2004 (Court Doc. No. 5), that the facts he alleged were not enough to show that Ramakrishna or Hulen were "deliberately indifferent" to his medical needs. They also did not show that Ramakrishna or Hulen knew of and disregarded an excessive risk to his health.

Previously, the Court believed it was possible that Brinda's allegations that both Ramakrishna and Hulen gave "life-threatening" orders with respect to his medical care might show deliberate indifference. Additionally, Brinda's allegation that he had been placed in the infirmary and had twice been hospitalized as a result of Ramakrishna's orders might also show deliberate indifference. Accordingly, these possibilities were pointed out to Brinda, and he was given almost eleven months to file an amended pleading.

In each of the Court's orders in this case, Brinda was advised that his failure to file an amended pleading would result in a recommendation that his case be dismissed. See Order of Dec. 22, 2004 (Court's doc. 5) at 7, ¶ 3; Order of Jan. 4, 2005 (Court's doc. 8) at 2-3, ¶ 4; Order of May 6, 2005 (Court's doc. 10) at 3, ¶ 4; Order of July 1, 2005 (Court's doc. 12) at 3, ¶ 4. Brinda failed to file an Amended Complaint. Therefore, the Court

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

concludes that Brinda cannot state facts to show that either
Ramakrishna or Hulen were "deliberately indifferent" to his
serious medical needs. His Complaint should be dismissed for
failure to state a claim.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

Brinda's Complaint (Court's doc. 4) should be DISMISSED for
failure to state a claim on which relief may be granted, and the
docket should reflect that Brinda's filing of this action counts
as one strike against him, pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court shall serve a copy of the Findings and
Recommendation of the United States Magistrate Judge upon the
Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. §
636, any objections to these findings must be filed or delivered
to prison authorities for mailing within twenty (20) calendar
days after the date on the certificate of mailing below, or
objection is waived.

Brinda must immediately inform the Court of any change in
his address.

DATED this 7th day of November, 2005.

11/8/05

Mark Brenda

Carolyn S. Ostby
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7